IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NICOLE BURTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. NO. 1:12-cv-1144 |
| § | |
| § | |
| FREESCALE SEMICONDUCTOR, INC. § | |
| MANPOWER, INC.,MANPOWER § | |
| OF TEXAS, L.P., and § | **JURY DEMANDED** |
| TRANSPERSONNEL, INC. § | |
| § | |
| Defendant. § | |

**COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, NICOLE BURTON, files this Complaint and Jury Demand against Defendants Freescale Semiconductor, Inc., Manpower, Inc., Manpower of Texas, L.P., and Transpersonnel, Inc. (referred to collectively as "Manpower") alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA"), the Texas Labor Code §21.051 *et seq.*, and the Texas Labor Code §451.001. For causes of action, Plaintiff would show the Court as follows:

**I.
PARTIES, JURISDICTION, AND VENUE**

1.  Plaintiff NICOLE BURTON is a resident of Travis County, Texas.

2.  Defendant Defendant FREESCALE SEMICONDUCTOR, INC. is a corporation which can be served with Citation through its Registered Agent, Corporation Service Company, d/b/a CSC, Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas

78701-3218.

3. Defendant MANPOWER, INC. is a business operating in Texas and having offices at 100 Manpower Place, Milwaukee, Wisconsin 53212. It may be served through the Secretary of State of Texas. Upon information and belief, MANPOWER OF TEXAS L.P., whose general partner is TRANSPERSONNEL, INC., is the full name of the legal entity doing business in Texas as Manpower and employing Plaintiff. MANPOWER OF TEXAS, L.P. may be served through its registered agent for service of process, C T Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

4. Defendant TRANSPERSONNEL, INC., may also be served through its registered agent for service of process, C T Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

3. Defendants are liable to Plaintiff as her employer, joint employer, and because they are a single integrated business enterprise. Defendants have a common purpose, ownership, policies, upper-level accounting and management, and control. Defendants constitute a joint enterprise. Defendants are liable to Plaintiff under the joint employer, single employer, and single integrated business enterprise theories.

4. This Court has jurisdiction to hear the merits of Ms. Burton's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). The Court has supplemental jurisdiction over Ms. Burton's claims arising under Texas statutory law under 28 U.S.C. §1367.

5. Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because Defendants reside in this judicial district.

## II.
## FACTUAL BACKGROUND

6. Plaintiff, Nicole Burton, was hired by Defendant Manpower in October 2008 to work for Freescale's semiconductor fabrication facility located in Austin, Texas. Ms. Burton served as an Operator while assigned at Freescale.

7. On March 1, 2011, as a result of a machine malfunction, Ms. Burton inhaled a chemical called ACT930 while she was working. On April 12, 2011, Ms. Burton experienced shooting pains all over her body while at work. An ambulance was called, she received treatment, and she stayed at work until the end of her shift. Several weeks later, Ms. Burton began to experience heart palpitations.

8. On May 9, 2011, and May 17, 2011, Ms. Burton went to the emergency room because of the heart palpitations. On June 6, 2011, she again experienced heart palpitations while working on the same machine. On that same date, Ms. Burton notified Defendants of her symptoms, and the process of filing a claim for workers' compensation benefits was initiated.

9. On July 8, 2011, Ms. Burton sought medical attention at the hospital due to chest pain and heart palpitations. During that same week, Ms. Burton spoke with her Freescale supervisor, Patricia Alvarez, about sitting down when she felt ill.

10. On July 20, 2011, Ms. Burton received a note from her doctor indicating that she should be permitted to sit down at work when she felt ill. On July 25, 2011, Ms. Burton spoke with her Manpower supervisor, Joe Garcia, requesting that she be permitted to use a chair. Mr. Garcia became very upset at this request and adamantly stated that no chairs were allowed in any of the clean rooms at Freescale or at any of the other plants where he had worked, and that he did not believe that Ms. Burton should be permitted to sit at Freescale.

11. However, many other Operators were permitted to sit at Freescale while they worked, and none of Ms. Burton's job duties required her to stand for her entire shift. Ms. Burton also asked Mr. Garcia if she could be transferred to another position where employees sat during their entire shift. That request was also denied, but Mr. Garcia did threaten to take Ms. Burton off her Freescale assignment.

12. On July 26, 2011, Ms. Burton's employment with Freescale was terminated.

### III.
### CAUSES OF ACTION
### COUNT ONE:

**Discrimination on the Basis of Disability in violation of the ADA and TCHRA**

13. Defendants violated by the Americans with Disabilities Act and the Texas Commission on Human Rights Act by refusing to accommodate Plaintiff's disability, by failing to engage in an interactive process with Plaintiff, and by discharging Plaintiff. 42 U.S.C. § 12101 *et seq.;* Texas Labor Code §21.001 *et seq.*

14. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

15. Defendants are employers under the ADA and the TCHRA. Each Defendant had more than 15 employees in 20 or more calendar weeks during the year in which Ms. Burton was terminated, or in the preceding calendar year.

16. Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendants as a person with a disability.

17. Plaintiff was meeting her employer's expectations.

18. Plaintiff was terminated as a direct result of her disability, her record of having a

disability, and/or because Defendants regarded Plaintiff as a person with a disability.

19. Defendants violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of her disability by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendants' perception of Plaintiff as a person with a disability moved Defendants toward their decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff.

### COUNT TWO:

### Wrongful Termination - Retaliation for Filing Workers' Compensation Claim

20. Defendant retaliated against Plaintiff by terminating her employment for in good faith filing a workers' compensation claim. Chapter 451 of the Texas Workers' Compensation Act prohibits discharging, or in any other manner discriminating against, an employee because the employee has in good faith filed a claim. *See Tex. Lab. Code Ann. §451.001* (Vernon Supp. 1996). Defendant's treatment of Plaintiff would not have occurred but for her making a workers' compensation claim.

### IV.
### DAMAGES

As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendants' unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of earning capacity, loss of enjoyment of life, injury to

professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

Defendants intentionally engaged in an unlawful employment practice by refusing to accommodate Plaintiff and by discriminating against Plaintiff because of her disability, her record of having a disability, and/or because Defendants regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

The conduct committed by Defendants against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## ATTORNEYS' FEES AND EXPERT FEES

A prevailing party may recover reasonable attorneys' and experts' fees. SEE TEX. LAB. CODE §21.259; 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.
## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith

the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

TERRY, SIMON & KELLY, P.L.L.C.
701 Brazos Street, Suite 500
Austin, Texas 78701
(512) 391-1955 Telephone
(512) 588-1726 Facsimile


s/   Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF